OLE HOKANSON *vs.* HOLM J. GUNDERSON *et al.*

Argued July 13, 1893. Affirmed Sept. 5, 1893.

**Notice of Lis Pendens.**

In an action to enforce a mechanic's lien, a notice of *lis pendens* filed is not binding upon a person claiming an interest in the premises affected by the lien, unless he is a party to the action, or claims under one who was made a party within the life of the lien.

**Defendant not Served is not a Party.**

It is not sufficient to make him a party that he be named as such in the suit. He must be served with process or voluntarily appear in the action.

**Notice to one not a Party is of no Avail.**

Mere notice of the suit, in such case, is of no avail where he is not seasonably made a party, and given an opportunity to contest the lien.

**Purchaser at Foreclosure Sale.**

Nor will the purchaser at a mortgage sale be bound by an action against the mortgagor, involving the title to the premises, or by notice of the pendency thereof, where such purchaser is not seasonably brought in, and the mortgagees are not made parties until after the foreclosure.

**Evidence Considered.**

Evidence *held* sufficient to show that a mortgage was foreclosed, and the purchase price paid by the purchaser before the mortgagees were made parties to an action to foreclose a mechanic's lien.

Appeal by D. M. Finlayson, Edgar C. Long and Daniel H. Moon, copartners, from so much of a judgment of the District Court of Ramsey County, *Chas. E. Otis*, J., entered March 23, 1893, as decreed their lien for lumber, to be subject to the lien, right and title of the defendant, Mary F. Marvin.

The defendant, John A. Gunderson, owned lot eight (8) in block three (3) in Edwin Dean's 2nd Addition to St. Paul. His father, Holm J. Gunderson, built a house thereon under a contract with his son. Ole Hokanson at their request dug the cellar and built the foundation walls. He finished his job May 4, 1891. He filed a lien July 2, 1891, for a balance of $85 unpaid, and commenced this action August 20, 1891, to foreclose it. On the next day he filed for record a notice of *lis pendens*. Between November 19, 1890, and March 7, 1891, D. M. Finlayson and his partners furnished

lumber for the building to the value of $484.18 and filed a lien. On February 25, 1891, John A. Gunderson mortgaged the lot to Lucius Burnham and Sarah A. Burnham, his wife, to secure the payment of $600 on or before two years from that date with interest semiannually. This mortgage was foreclosed for nonpayment of interest, under a power of sale therein, and the lot sold by a deputy sheriff on February 26, 1892, to Mary F. Marvin for $696.80. She received a certificate of sale which was acknowledged and recorded March 14, 1892. The summons in this action was not served upon Burnham or wife until March 7, 1892, nor was it served on Mary F. Marvin until April 28, 1892, at which time she was by order brought in and made a defendant in the action. There was an elder mortgage on the lot, given by John A. Gunderson to Joseph M. Lee to secure the payment of $2,500 five years thereafter. This mortgage was dated October 1, 1890, but was not delivered or recorded until February 25, 1891. On March 10, 1891, it was assigned to Harriette F. Elliott. The issues were tried October 24, 1892. The court filed findings of fact and ordered judgment against John A. Gunderson in favor of plaintiff for $85 and interest, and making it a lien on the real estate prior to both mortgages. The court further directed that D. M. Finlayson and his copartners have judgment against John A. Gunderson for $484.18 and interest, and making it a lien on the real estate, but subject to the lien and certificate of Mary F. Marvin, but paramount to the mortgage of Harriette F. Elliott.

The court further directed that the action be dismissed as to Mary F. Marvin with costs. Judgment was entered accordingly.

*Lewis & Hallam*, for appellants.

*Stiles W. Burr*, for respondent.


VANDERBURGH, J. This action was brought to foreclose a mechanic's lien against defendant John A. Gunderson, who is the owner of the land. Defendants Elliott and Burnham are separate mortgagees, and defendant Holm J. Gunderson was the contractor engaged in erecting a building upon the premises. Finlayson & Co. were other lien claimants, joined as defendants, and the question presented by this appeal arises between the last-named claimants and the respondent Mary Marvin, who claims under a foreclosure

sale of the Burnham mortgage, and insists that her rights secured thereby are superior to the lien of Finlayson & Co. They furnished materials for the building in question, and the date of the last item furnished was March 7, 1891.

The mortgage to Burnham was recorded in February, 1891. This action was commenced in August, 1891, and at the same time the plaintiff, Hokanson, filed a notice of *lis pendens*, stating the object of the action to be the foreclosure of a mechanic's lien upon the premises described in the complaint. The mortgagees, Burnham, were not served with process in the action till March 7, 1892, and prior thereto, on the 26th of February, 1892, that mortgage was foreclosed by advertisement by a sale of the premises under the power therein to the defendant Marvin, and a certificate of sale duly executed and delivered to her, which was filed for record on the 14th day of March, 1892; and such proceedings were afterwards had in this action that she was made a party and was served with a summons therein on the 28th day of April, 1892. The action was not commenced against defendant Marvin within one year after the date of the last item on the account for labor and materials of any of the lien claimants in this action.

The appellants, however, base their claim for preference substantially upon two grounds: (1) The defendant Marvin was bound by the record of the notice of *lis pendens* when she purchased at the mortgage sale, as if she had been a party to the action; and (2) that she must be held to take under the mortgagor, and to hold subject to the liens adjudicated in the action against him pending at the date of the foreclosure.

At the time of the foreclosure of the Burnham mortgage the mortgagees had not been served with process, and were not bound by the record of the notice of *lis pendens*, because the action was not commenced or pending, as to them, until they were served or had voluntarily appeared therein; and hence defendant Marvin might as well have taken under one who was an entire stranger to the record, and therefore, as respects the mortgagees, she was not bound by the pendency of the action, as if claiming under a party thereto. It is not material at all whether the defendant Marvin had actual notice of the suit, unless she could be legally bound by the adjudication therein. Notice avails nothing unless or until

the party receiving it, or the party under whom he claims, has an opportunity to have his rights litigated and determined.

Of what avail is it to these appellants that the respondent had notice of his lien, and its priority, unless the suit in which the dispute may be determined is instituted within the life of their lien? If the respondent claims under the Burnhams, and the suit was instituted against them before the transfer to her of their interest, then by virtue of the notice of the pendency of the action the determination of the suit would be binding on her. But, if such interest was acquired before they were made parties, then there has not been any suit involving the rights of these parties instituted or pending prior to the expiration of the time allowed by law for the determination of the lien of the appellants; and the question of notice, actual or constructive, is entirely immaterial. *Burbank* v. *Wright*, 44 Minn. 544, (47 N. W. Rep. 162.) Any one who may defend against a lien may object that the lien had expired, or the remedy upon it lost, before the action was commenced against him. *Smith* v. *Hurd*, 50 Minn. 503, (52 N. W. Rep. 922.) The position of the appellants is the same in this respect as if they had themselves brought the original action. *Sandberg* v. *Palm*, 53 Minn. 252, (54 N. W. Rep. 1109.)

In respect to the suggestion that the certificate of sale upon the foreclosure was not executed until the mortgagees had been made parties, the court finds that the mortgage was duly foreclosed, and that the premises were sold to defendant Marvin on the 26th day of February, 1892, for the sum of $696.80, and that the sheriff thereupon made and delivered to this defendant his certificate of such sale, which was subsequently recorded on March 14, 1892. It was seasonably recorded under the statute, and, even if the certificate was not formally delivered until the date of its acknowledgment, March 12, 1892, (which is not found,) still the presumption is that it was a cash sale, and the rights of the purchaser attached as of the date of the sale. And the delay of the sheriff in executing the certificate could not impair that right; and, if necessary, the aid of the courts could be invoked to enforce the right to a certificate on one side or the payment on the other. *Armstrong* v. *Vroman*, 11 Minn. 220, (Gil. 142.)

The evidence offered by appellants does not show that the con-

sideration was not paid, and is insufficient to impeach the recital in the certificate or the finding of the court.

A further point urged by appellants is that the respondent purchased the title of the mortgagor, who is a party to the suit, and for that reason holds subject to their lien. In other words, upon the foreclosure of a mortgage the purchaser does not take through the mortgagee, but succeeds to the title of the mortgagor by virtue of the sale; and hence the latter must be deemed a party to the suit whose interest she purchased *pendente lite.*

The interest of the purchaser at a mortgage sale in this state during the redemption period is somewhat anomalous. But he is certainly a necessary party to a suit affecting the interest of the mortgagee unless the latter is made a party, and it is not sufficient that the mortgagor alone is joined.

The purchaser succeeds to the equitable interest of the mortgagee, and when no redemption is made this interest draws to it the subordinate legal title of the mortgagor, and his title then stands under the mortgagee precisely as if the mortgage had been an absolute conveyance at its date; or, in other words, the mortgage ripens into a perfect title through the process of foreclosure. The purchaser is, then, only concerned with the state of the title at the date of the mortgage, and the existence of liens affecting the rights of the mortgagee. His rights are not affected by liens adjudged against the mortgagor in a suit in which neither he nor the mortgagee is a party. The result is that the defendant Marvin was not seasonably made a party to this action, and did not take under any one who was such at the time she purchased.

Judgment affirmed.

(Opinion published 56 N. W. Rep. 172.)