JAMES W. LAHIFF and Wife v. HENNEPIN COUNTY CATHOLIC BUILDING & LOAN ASSOCIATION.[1]

May 29, 1895.

Nos. 9309—(141).

Counterclaim—Action to Reform Mortgage.

The plaintiffs executed a mortgage to the defendant, which by mutual mistake mentioned a larger sum as principal drawing interest than the parties had agreed upon, and thereafter the plaintiffs brought an action for

[1] Reported in 63 N. W. 493.

the reformation of the mortgage as to the principal sum and interest.  The defendant in its answer admitted the mistake, and consented to the reformation of the mortgage, but alleged that the plaintiffs had defaulted in the payment of the mortgage indebtedness, and demanded its foreclosure.  In the same answer it alleged that plaintiffs had subsequently executed another mortgage to it upon the same land, which also by mutual mistake of the parties mentioned a larger sum as principal drawing interest than had been agreed upon by the parties, and asked for its reformation in this respect, and also alleging that plaintiffs had defaulted in the payment of said mortgage indebtedness, and demanded a foreclosure of the same. *Held*:

1. That the defendant's allegation in its answer in reference to the first mortgage constitutes a counterclaim, because it is "a cause of action arising out of the contract or transaction set forth in the complaint, and connected with the subject-matter of the action."

2. That the defendant's allegation in its answer in reference to the second mortgage constituted a counterclaim, because it was connected with the subject of the action, which was the reformation of the mortgage as to the consideration, and involves the same land described in both mortgages.

Appeal by defendant from an order of the district court for Hennepin county, Smith, J., sustaining a demurrer to the answer.   Reversed.

*McHale & Abell*, for appellant.

*Louis Tressman*, for respondents.

BUCK, J.   This is an action brought by a borrowing member of a mutual building and loan asociation for the reformation of a bond and mortgage dated June 28, 1884, given by the plaintiffs to secure the payment of interest thereon and dues upon five shares of stock owned by one of the plaintiffs.

The plaintiffs and defendant agreed at the time of the execution of the bond and mortgage that the same should be executed to secure a loan of $460 and interest thereon at the rate of 6 per cent. per annum, and for the payment of dues on the five shares of stock. By mistake and inadvertence the defendant inserted in the bond and mortgage a condition by the terms of which plaintiffs agreed to pay defendant the sum of $1,000 in monthly instalments of $5.25, with interest at the rate of 6 per cent. per annum on the full $1,000.

This is substantially admitted by the answer, and that plaintiffs

are entitled to a reformation of the bond and mortgage in this respect, so that they shall be conditional for the payment of interest on $460, and not on $1,000. But the defendant alleges that default has been made in the conditions of the bond and mortgage providing for the payment of certain portions of the principal, and interest and fines, as provided by the constitution and by-laws of the association, and that there is unpaid upon all of said indebtedness the sum of $325.65, with interest thereon from June 22, 1892, and alleges that it elects to foreclose said mortgage for the amount due and attorney's fees. The defendant further alleges in its answer, as a second counterclaim and defense, that the plaintiff James W. Lahiff, subsequently to the execution of the above-described mortgage, procured from the defendant another loan, and that to secure the payment of the same on May 30, 1885, he and his wife, Nellie Lahiff, executed another bond and mortgage on the same premises as those described in the first mortgage for the sum of $200, to secure the payment of $120, but demand that this bond and mortgage be reformed so as to be conditioned for the payment of interest on the sum of $120, instead of $200. There was also default in the payment of the amount due on this mortgage.

The relief prayed for by the defendant is that judgment be entered under the direction of the court adjudging the amount due on said bonds and mortgages, with costs and disbursements of this action, and the sum of $50 as attorney's fees, as provided in the mortgages, and the sale of the mortgaged premises to satisfy said amount, costs, and disbursements and attorney's fees, and directing the sheriff of said county to proceed and sell the same according to law. The plaintiffs demurred separately to both of the defenses and counterclaims upon the ground that upon their face they did not constitute a defense or counterclaim to plaintiff's complaint. The court below sustained the demurrer to the answer.

Counsel for the respective parties agree that the principal question to be determined upon this appeal is whether the defendant can, by way of counterclaim, ask for the foreclosure of these mortgages. It is elementary law that a court of equity can, by reason of fraud or mistake or accident, reform an instrument which does not express the true intent and meaning of the parties, upon satisfactory evidence given for such purpose.

As the plaintiffs have sought a reformation of the first mortgage, and the defendant of the second one, and asked to have them so made to conform to the original contract between the parties, they must be deemed to have invoked the aid of the equitable powers of the court.   It was necessary for the plaintiffs, in order to have the mortgage reformed, to make the defendant a party to the action. Neither party could have the mortgage reformed except by an equitable action, and, as both parties are in court, their rights should, if possible, be determined in this action, rather than either be driven to another action.   The reformation can now be made, because both parties have consented to it.

The indebtedness in both mortgages is due, and the plaintiffs, in asking for a reformation of the first mortgage, ought to permit all equities between them to be adjusted, and a final determination of their rights in the matter to be made, without further litigation or costs.   The defendant could have united both of these causes of action existing in its behalf, and have foreclosed both mortgages in one action.   No serious question can arise upon the right of the defendant to have the first mortgage foreclosed, because it is "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."   G. S. 1894, § 5237, subd. 1.

The second mortgage is not one arising out of the contract or transaction set forth in the plaintiffs' complaint as the ground of the plaintiffs' claim or cause of action, but it is connected with the subject of the action, because it is a mortgage between the same parties upon the identical piece of land described in the first mortgage.   The subject of the action set forth in the plaintiffs' complaint is the mistake as to the amount of the principal sum which should draw interest, and this is directly connected with the land described in the first mortgage, because it would be affected by the reformation of the mortgage whereby the principal sum and interest would be reduced.   The status of the second mortgage, and the question of its priority, and the right to be paid out of the surplus, if any, are all, as well as the same land described in both mortgages, involved in the foreclosure of the first mortgage, and all questions relative thereto should be disposed of on such foreclosure.   It is for the interest of both parties that all equities existing between

them as to these mortgages, and the land described in the same, be adjusted and determined in this action. This procedure will work complete justice between the parties, and at the same time produce a practical result,—something which is occasionally sacrificed to mere fine-spun technicalities.

The order sustaining the demurrer is therefore reversed.