# H. J. BAUMAN v. LEOPOLD METZGER AND OTHERS. LEOPOLD METZGER AND OTHERS, APPELLANTS.[1]

February 13, 1920.

No. 21,500.

**Mechanic's lien — set-off and counterclaim by owners.**

1. Under an agreement between the owners of a building and the tenants of the ground floor, extensive changes were to be made in this floor, which required minor changes in other parts of the building. Plaintiff did the entire work under two contracts made as parts of the same transaction—one, in writing, with the tenants to make the changes in the ground floor, and the other, oral, with the owners to make the other changes. While the owners did not join in the written contract, it was understood that they were to pay, and they did pay, one-half the cost of the work performed under it, and plaintiff was paid in full for this work. Later it was discovered that, by plaintiff's negligence in performing this work, other parts of the building had been damaged. He brought this action to enforce a mechanic's lien for the value of the work performed for the owners, and they interposed a counterclaim for such damages. It is *held*: That the owners had a cause of action in tort for the damages; that the statute permitting counterclaims should be liberally construed, to the end that the rights of both parties may be determined in a single action; and that the counterclaim was "connected with the subject of the action" within the meaning of the statute.

**Same — loss of rent excluded.**

2. The claim of the owners for loss of rent resulting from a breach of the written contract to which they were not parties was correctly excluded.

**Failure to assert lien in time — review on appeal.**

3. The evidence is sufficient to sustain the finding that defendant Worthingham was entitled to a personal judgment, but he was not entitled to a lien on the property, for the reason that he failed to file his answer asserting it within the time required by statute. His claim that this point was not raised in the court below and therefore cannot be raised here is not sustained.

[1] Reported in 176 N. W. 497.

**Service of answer not a compliance with statute.**

4. As the statute requires the answer to be filed instead of being served, it was of no effect until filed.

**Judgment of conciliation court not res judicata.**

5. Worthingham's claim was not barred by the judgment of the conciliation court offered in evidence, as it does not appear that the issues here involved were determined in that proceeding and the parties are different.

Action in the district court for Hennepin county to recover $261.86 and foreclose a mechanic's lien for the same. The case was tried before Rockwood, J., who made findings and ordered judgment as stated in the first paragraph of the opinion. From an order denying their motion for a new trial, defendants Metzger, Adelsheim, Moses and Lewis appealed. Reversed as to plaintiff; reversed in part and affirmed in part as to defendant Worthingham.

*Simon Meyers,* for appellants.

*H. J. Green, J. M. Pulliam* and *C. C. Joslyn,* for respondents.

TAYLOR, C.

This action was brought under the mechanic's lien law to enforce a claim for making alterations and repairs in a building known as the Hotel Landour in the city of Minneapolis. The trial court directed that judgment be entered against the owners of the building for the sum of $249.01, with interest, costs and disbursements in favor of plaintiff, and for the sum of $47.93, with interest, costs and disbursements in favor of defendant Worthingham, another lien claimant, and that these judgments be declared liens on the property and that the property be sold to satisfy such liens. The owners made a motion for a new trial and appealed from the order denying their motion.

The owners practically conceded plaintiff's claim, but as an offset thereto alleged and sought to prove a counterclaim in excess of the amount of plaintiff's claim. The court excluded this counterclaim, on the ground that it sounded in tort and did not arise out of the transaction pleaded in the complaint and was not connected with the subject of the action. The owners challenge this ruling as error.

A brief outline of the facts is necessary to understand the situation.

The owners leased the ground floor of the building to Floan & Leveroos to be occupied as a store. Expensive alterations were necessary to fit it for their use and the owners agreed to bear half of this expense. Thereupon Floan & Leveroos made a written contract with plaintiff to make these alterations for the sum of $7,325. These alterations made minor changes necessary to other parts of the building, and the owners made a verbal contract with plaintiff to make these minor changes. These two contracts were made at the same time, and, although the written contract was between plaintiff and Floan & Leveroos only, plaintiff knew that it was made in furtherance of the agreement between Floan & Leveroos and the owners, and that the owners were to pay one-half of the contract price for this work. Plaintiff performed this contract and was paid in full therefor, Floan & Leveroos and the owners each paying one-half thereof. Plaintiff also performed the verbal contract and also performed some extra work on the building at the instance of the owners. After plaintiff had been paid for the work performed under the written contract, it was discovered that, in doing this work, plaintiff had disconnected the heating pipes in the building without draining the water therefrom, and that these pipes had frozen and burst, causing the major part of the damage sought to be recovered under the counterclaim. Damages were also claimed for injuries to the walls of the building, and to the papering and painting in some of the rooms, and also for loss of rent resulting from plaintiff's faliure to complete the work under the written contract within the time stipulated therein. Claiming that the damages exceeded the value of the extra work and of the work done under the verbal contract, the owners refused to make any further payment, and plaintiff filed a lien for the extra work and for the work done under the verbal contract and brought this action to enforce it.

The written contract was between plaintiff and Floan & Leveroos only. The owners not being parties to this contract, the court correctly ruled that under the pleadings they were not in position to enforce a claim for damages predicated upon a breach of its terms. Consequently the claim for loss of rent was properly excluded, as it was based on an alleged breach of a stipulation in this written contract. But if plaintiff, in performing this contract, negligently caused damage to the building, the owners could maintain an action therefor in tort independently of the contract, and,

if this cause of action was "connected with the subject" of plaintiff's action, the owners were entitled to interpose it as a counterclaim in plaintiff's action. G. S. 1913, § 7757:

The statute permitting counterclaims is remedial in its nature and to be liberally construed to the end that the rights of both parties may be determined in a single action. What may be interposed as a counterclaim on the ground that it is "connected with the subject of the action" is not as clear and well defined as we might desire, although many cases involving particular counterclaims have been before the court, to a few of which we will refer.

In Barker v. Walbridge, 14 Minn. 351 (469), it is said that a cause of action in defendant, if connected with plaintiff's cause of action "so that the determination of plaintiff's cause of action would not do exact justice, without at the same time determining defendant's cause of action," is within the statute.

Goebel v. Hough, 26 Minn. 252, 2 N. W. 847, was an action for rent, and the defendant was permitted to interpose a counterclaim for damages for wrongfully entering upon and interfering with his use of the premises.

Lahiff v. Hennepin County C. B. & L. Assn. 61 Minn. 226, 63 N. W. 493, was an action by a mortgagor to reform the mortgage. The mortgagee interposed a counterclaim to foreclose the mortgage as reformed, and also interposed a second counterclaim to reform and foreclose a second mortgage on the same property. In sustaining the second counterclaim the court observed:

"The second mortgage is not one arising out of the contract or transaction set forth in the plaintiffs' complaint as the ground of the plaintiffs' claim or cause of action, but it is connected with the subject of the action, because it is a mortgage between the same parties upon the identical piece of land described in the first mortgage."

Hackett v. Kanne, 98 Minn. 240, 107 N. W. 1131, was an action to enjoin defendant from trespassing on plaintiff's land, and it was held that defendant could interpose a counterclaim to have the boundary line between his land and that of plaintiff determined.

Wild Rice Lumber Co. v. Benson, 114 Minn. 92, 130 N. W. 1, was an action to enjoin defendant from interfering with plaintiff's logging

railroad. Defendant interposed two counterclaims—one for damages for wrongfully entering upon and interfering with his possession and use of the land over which the road passed, and one for damages on account of the negligent manner in which plaintiff operated its locomotive. It was held that the first counterclaim was proper, but that the second was not.

In the present case the purpose was to fit the ground floor of the building for the use of the tenants as a store, and to make such changes and repairs in other parts of the building as the changes in the ground floor rendered necessary. To accomplish this purpose plaintiff was employed to do the entire work, and two contracts, which between them were intended to cover the entire work, were made with him at the same time and apparently as parts of the same transaction, and the work under both was performed as parts of a single project. By his negligence, while engaged in performing the part of the work embraced in the written contract, plaintiff caused injury and damage to that portion of the building on which he performed the part of the work for which he now seeks to recover. We are of opinion that the claim for this damage was "connected with the subject of the action" within the meaning of the statute when liberally construed, and that the owners had the right to interpose it as a counterclaim.

Defendant Worthingham filed his lien statement on July 3, 1914, showing that the last item of his claim was furnished on April 7, 1914. He did not file an answer asserting his lien until August 12, 1915. As the statute provides that the answer shall be filed with the clerk of the court and that no other notice of the claims of the answering defendant need be given to other parties, the answer is of no effect until so filed. The statute further provides that no lien shall be enforced, unless asserted by complaint or answer within one year from the date of furnishing the last item set forth in the lien statement, and it becomes important to determine whether a lien ceases to exist at the end of the year, or whether this provision is in the nature of a statute of limitations, which is not effective unless asserted as a bar to the right to enforce the claim.

Section 7, chapter 90, of the Statutes of 1878 provided that the lien statement when filed within the prescribed time "shall, during all the period of time from the commencement of such labor or skilled ser-

vices, or the furnishing of such materials and machinery, until the expiration of two years after the completion of such skilled services or labor, or the furnishing of such materials or machinery, operate as a lien upon the several descriptions of structures and buildings, and upon the lots of ground on which they stand.".

In Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. 661, the court in holding that the summons had not been served on certain defendants in time to preserve the lien as against them said: "1878 G. S. ch. 90, § 7, was not an ordinary statute of limitations limiting the time for commencing an action, but it put a limit to the life and duration of the lien." Burbank v. Wright, 44 Minn. 544, 47 N. W. 162, is to the same effect.

In 1889 the legislature embodied the mechanic's lien laws in chapter 200, p. 313, of the laws of that year, and repealed all laws inconsistent therewith. This act became sections 6229 to 6246 inclusive of the Statutes of 1894, and has remained in force, with only minor changes, until the present time. This law in section 6236, Statutes of 1894, provided that a lien statement of the prescribed form and filed within the prescribed time:

"Shall operate to continue such lien during all the period of time, from the time of the furnishing of the first item of such labor, skill, material or machinery until the expiration of one year after the time of furnishing the last item of the same;" and further provided in section 6238 that

"Every action to enforce any such lien shall be commenced within one year from the time of furnishing the last item of labor, skill, material or machinery for which such lien is had."

This statute changed the period during which the lien should continue from two years after the completion of the work to one year after the furnishing of the last item of the claim, and added the provision that every action to enforce any such lien should be commenced within such year. Under this statute each lien terminated at the end of the year and could not be enforced unless the proceeding to enforce it was begun within the year. Steinmetz v. St. Paul Trust Co. 50 Minn. 445, 52 N. W. 915; Malmgren v. Phinney, 50 Minn. 457, 52 N. W. 915, 18 L.R.A. 753; Sandberg v. Palm, 53 Minn. 252, 54 N. W. 1109; Burns v. Phinney,

53 Minn. 431, 55 N. W. 540; Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172, 40 Am. St. 354; Fleniken v. Liscoe, 64 Minn. 269, 66 N. W. 979; Falconer v. Cochran, 68 Minn. 405, 71 N. W. 386. Sections 6236 and 6238 of the Statutes of 1894 became respectively sections 3511 and 3515 of the Revised Laws of 1905, but in making the revision the commissioners, without expressing any intention to change the effect of the prior law, omitted from section 3511 of the Revised Laws the provision above quoted from section 6236 of the prior law, to the effect that the recording of the lien statement should continue the lien for a period of one year from the furnishing of the last item of the claim, and changed the provision found in section 6238 of the prior law so that it reads in section 3515 of the Revised Laws:

"No lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of his claim as set forth in the recorded lien statement; nor shall any person be bound by the judgment in such action unless he is made a party thereto within said year."

Sections 3511 and 3515 of the Revised Laws of 1905 are respectively sections 7026 and 7030 of the General Statutes of 1913.

Under the statute as construed prior to the revision of 1905, the lien terminated at the end of the year, except that an action to enforce it, begun within the year, could be prosecuted to a final judgment thereafter. Unless the changes in the statute made by the revision of 1905 operated to change the effect of the prior statute in this respect, the lien still terminates at the expiration of the year.

In the revision of 1905, it was not the purpose of the legislature to enact a new body of laws, but to make a restatement of the previously existing general statutes in a more compact and orderly form, with such changes and amendments as were necessary to bring the various acts into a harmonious whole and make clear the meaning of conflicting, ambiguous or doubtful provisions. A previously existing statute is presumed to have continued unchanged in substance, unless the intention to change it clearly appears from the language used in the revision, when taken in connection with the subject matter of the act and its previous history, and a change in phraseology does not necessarily import an intention to change the substance or effect of the statute. Dunnell, Minn.

Dig. and 1916 Supp. § 8961, and cases there cited. It has been the policy of our statutes creating mechanic's liens to fix a definite time when such liens should terminate, to the end that those interested in the property, or dealing with it, might know with certainty when it was free from such claims, and we think the provision in the revised laws indicates no intention to change that policy. The language is emphatic that no lien shall be enforced in any case, unless asserted by complaint or answer within the year, and the intention that the lien should expire and the land be free therefrom at the end of the year is made clear by the provision that no person shall be bound by the judgment in an action to enforce a lien, unless he was made a party to the action within the year.

It follows that Worthingham's lien had ceased to exist before he attempted to assert it. By filing his answer, he, in effect, commenced an action to foreclose his lien, and made the owners parties thereto as of that date. As this was not done within the year, the last provision of the statute quoted bars a judgment of foreclosure.

Defendant Worthingham insists that the point that he failed to file his answer within the year was not raised in the court below and should not be considered on this appeal. The rule invoked is applied only where it clearly appears that a claim or theory presented to this court was not presented to or determined by the trial court, and even in such cases the rule is seldom, if ever, applied where it conclusively appears that the point urged could not have been cured or avoided by amendment or other evidence. White v. Western Assurance Co. 52 Minn. 352, 54 N. W. 195; Chicago, M. & St. P. Ry. Co. v. Sprague, 140 Minn. 1, 167 N. W. 124. After Worthingham had submitted his evidence, the owners made a motion to dismiss his claim, "on the ground that they have failed to show facts sufficient to constitute a cause of action." In his answer Worthingham alleged that he had been employed by plaintiff, who was the general contractor, and did not allege that he had been employed by the owners. But he was permitted to testify without objection that he had been employed by both plaintiff and the acting owner who were together at the time. The fact that he had been employed, and had performed the work alleged and had not been paid, was undisputed, but the owners insisted that he had not been employed by them, but by plaintiff. If employed only by plaintiff he was not entitled to a personal judgment

against the owners, but was entitled to a lien on the property, if he took the necessary steps to preserve and enforce it. The motion of the owners challenged both his right to a personal judgment and his right to a lien. It could not be granted if he was entitled to either, and hence we are unable to say that it clearly appears that the point now urged was not presented to the trial court. However this may be, his failure to assert his lien within the statutory time was a fatal defect, which was beyond his power to cure or obviate.

The court found that he was entitled to a personal judgment against both plaintiff and the owners for the sum of $47.93, with interest thereon from April 7, 1914, and was entitled to have this judgment decreed to be a lien on the property, and to have the property sold to satisfy it. The finding that Worthingham was entitled to a personal judgment for the amount above stated is sufficiently sustained by the evidence, but the finding that he was entitled to a lien is not justified by the record.

It appears that after Worthingham had interposed his answer in this action he cited defendant Metzger, the acting owner, to appear in the conciliation court of the city of Minneapolis, and presented in that court, as a claim against Metzger, the same claim for services which he asserted in this action, and that that court rendered judgment against him and dismissed the action. The claim of the owners that that judgment barred his right to proceed in this action cannot be sustained, as it does not appear that the issues here involved were determined by that judgment and the parties are not the same.

The order denying a new trial of the issues between plaintiff and the owners is reversed and a new trial granted. The order denying a new trial of the issues between defendant Worthingham and the owners is affirmed insofar as it relates to the issue in respect to a personal judgment, but is reversed insofar as it relates to the issues in respect to a lien.

HALLAM, J (dissenting).

I dissent:

It is doubtless true that this statute of limitations puts a limit on the life and duration of the lien. It is true also that this statute need not be pleaded against a defendant lien claimant. But in this case, there is neither pleading, proof nor finding, nothing in the record on the sub-

ject, except a file mark on the answer, and this was in no manner called to the attention of the trial court, yet the majority opinion holds that this file mark, presented for the first time in this court, is conclusive against the lien claimant on this appeal. With this I cannot concur. My opinion is that this is defensive matter and the defense may be waived. Any personal defense may. But this aside, the place for trial of issues is in the trial court. When parties there litigate the merits fully and to a decision, they should not be permitted on appeal to shift their position and defeat an established claim, by making proof here for the first time of formal and technical omissions which should properly be presented at the outset of the trial. See Phillips, Mech. Lien, § 331; Ferrier v. McCabe, 129 Minn. 342, 346, 152 N. W. 734; Barstow v. McLachlan, 99 Ill. 641; Barry v. Frayser, 57 Tenn. 206.