ARTHUR C. BREDESON v. BARBARA NICKOLAY AND ANOTHER.[1]

October 12, 1923.

No. 23, 595.

**Lis pendens—deed canceled.**

Action for specific performance of contract to convey city lot and decree in favor of plaintiff. Before it could be entered the owner conveyed part of it to her sister and the deed was recorded. Plaintiff then brought this action against both sisters to cancel the deed and obtained a judgment in his favor. *Held*: If he purchased in good faith, not knowing of the sale of part of the lot, plaintiff was entitled to a decree, having filed a lis pendens before the record of the deed, and the complaint stated a cause of action. Whether he was a good faith purchaser was the only material question and the evidence sustained the finding that he was. The decree that defendants had no interest in the lot was not broader than the relief asked in the complaint. [Reporter]

Action in the district court for Scott county to cancel a deed. The case was tried before Tifft, J., who denied defendants' motion to dismiss, made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*E. W. Komarek,* for appellants.
*Arthur J. Phil Jelinek,* for respondent.

PER CURIAM.

In January, 1919, plaintiff herein brought a suit against the defendant Nickolay to enforce specific performance of a contract for the conveyance

[1]Reported in 194 N. W. 460.

of a lot in the city of New Prague, Scott county. A lis pendens was duly filed when the action was begun. Specific performance was ordered, and the trial court's action was affirmed upon appeal. Bredesen v. Nickolay, 147 Minn. 304, 180 N. W. 547. The facts, except as hereinafter supplemented, are stated in that opinion.

After the decision in this court, a decree was duly entered in the court below and recorded on December 30, 1920. Before it could be entered, Barbara Nickolay conveyed to her sister Mary Prchal the south 40 feet of the lot, which deed was recorded on December 24, 1920. And on December 16, 1920, defendant Nickolay made and placed on record in the register of deeds office an affidavit to the effect that she had agreed to sell the south 40 feet of the lot in question to her said sister; that Bredesen either intentionally or by mistake had included said 40 feet in the agreement for purchase procured from her; and that when he so purchased the same he well knew that she, Barbara, had sold said south 40 feet to her sister, who was not a party to the action for specific performance. Thereupon this action was begun by Bredesen to cancel and set aside the deed to Mary Prchal and to purge the record of the Nickolay affidavit. The relief asked was granted and defendants appeal from the judgment.

It was stipulated that, when plaintiff procured the agreement to purchase the lot, the title thereto stood of record in Barbara Nickolay and remained so until she conveyed the south 40 feet thereof to her sister as above mentioned. The paper evidencing the sale to the sister was not entitled to record and had not been recorded.

The complaint stated a cause of action. If plaintiff purchased the lot of defendant Barbara, in good faith, not knowing that she had sold a part thereof to her sister, then, since in his action for specific performance lis pendens was duly filed before the sister placed on record any evidence of title, he certainly was entitled to the relief asked. The objection to the reception of any evidence under the complaint was properly overruled.

And, therefore, the only material issue on the trial was whether plaintiff had any notice or knowledge of the claim that Mary Prchal had bought the south 40 feet of the lot, when he purchased the whole thereof from Barbara. If he bought without such notice or knowledge, Mary Prchal has no defense. The former action concluded Barbara. The evidence sustains the finding that plaintiff was a good faith purchaser without any notice or knowledge of Mary Prchal's claim.

The point is made that the judgment ordered and entered is broader than the complaint in that it adjudicates that defendants have no right, title and interest in or to the lot. The facts set up in the complaint and found by the court justify the relief. Mary Prchal's deed could not be canceled unless she had no interest in the lot. When she was found to

have no interest in the lot, it was proper, under the general prayer for relief, to so adjudge. This is not a default case ruled by Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348.

The rulings on the trial do not call for comment, for none of the questions asked and ruled out bear at all upon the one determinative issue above stated. There was no offer to prove that any officer of the mill company, if it was interested in the lot, knew of Mary Prchal's claim.

The judgment is affirmed.