J.W. HULME CO., INC., Plaintiff,

v.

George REILING, et al., Defendants,

National City Bank of
Minneapolis, Appellant,

Wm. Poppenberger, & Son, Respondent.

No. C9-89-803.

Court of Appeals of Minnesota.

Nov. 28, 1989.

Review Denied Jan. 18, 1990.

---

John E. Daubney, St. Paul, for defendants.

James M. Lockhart, Ronald L. Haskvitz, Lommen, Nelson, Cole & Stageberg, Minneapolis, for appellant.

Mark Essling, St. Paul, for respondent.

Heard, considered and decided by FORSBERG, P.J., HUSPENI, and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant National City Bank of Minneapolis appeals from a judgment granting a mechanics' lien to William Poppenberger & Son, Inc. The trial court extended the statutory one-year time period for Poppenberger to file its answer in order to enforce its lien. We reverse.

## FACTS

This action arises from the construction of the Shoreview Plaza Hotel in Ramsey County. National City Bank of Minne-apolis (National City Bank) executed a first mortgage on the property on August 29, 1984. This mortgage was recorded at the Ramsey County Recorder's office on September 12, 1984. Construction on the hotel began in the fall of 1984 with William Poppenberger & Son (Poppenberger) performing drywall work. Poppenberger filed a mechanics' lien statement with the Ramsey County Recorder's office on January 24, 1986. The statement listed the last day of work as September 30, 1985.

On March 14, 1986, plaintiff J.W. Hulme Co., Inc. foreclosed its mechanics' lien on the property by filing a complaint in Ramsey County District Court. National City Bank filed its answer on March 25, 1986. Poppenberger apparently served its answer on the plaintiff on or about April 16, 1986. Poppenberger did not file its answer with the court. Poppenberger became aware on or about January 20, 1987, that no answer had been filed. On January 21, 1987, Poppenberger filed its answer with the clerk of district court. Poppenberger filed an amended mechanics' lien on January 28, 1987, which changed the last day of work to May 1, 1986.

On February 6, 1987, the trial of the mechanics' lien actions began. National City Bank moved for the dismissal of Poppenberger's claim at trial prior to the receipt of evidence, on the basis that the lien had not been enforced within the one-year statutory period. Poppenberger was allowed to present its case. At the conclusion of Poppenberger's evidence, National City Bank renewed its motion for an involuntary dismissal of the claim. The court stated in its findings of fact that appellant had waived the defense by failing to plead it in its answer or to make a motion prior to its answer.

On February 10, 1987, while the trial of the mechanics' lien claims was in progress, a sheriff's sale was held to foreclose the mortgage held by National City Bank. National City Bank purchased the property at the sale and no parties exercised their right to redeem. National City Bank sold the property to G.J. Reiling, Inc. on August 12, 1987. In connection with the sale National

City Bank was required to indemnify the purchaser for any loss which could result from the mechanics' liens and to defend the purchaser in any actions which might arise relating to these mechanics' liens.

## ISSUES

1. Does National City Bank have standing to bring this appeal through its agreement to defend and indemnify the purchaser of the property?

2. Did National City Bank waive the defense of Poppenberger's failure to timely enforce its lien by not asserting the defense in its responsive answer?

3. Did Poppenberger have a viable mechanics' lien on the day in which it filed its answer with the court?

## ANALYSIS

■ 1. Standing to appeal.

A party has standing to appeal a final judgment if the party has suffered a real injury. The "injury in fact" standard was articulated by the supreme court in *Snyder's Drug Stores, Inc. v. Minnesota State Board of Pharmacy*, 301 Minn. 28, 221 N.W.2d 162 (1974). The rule allowing only a party in interest to bring a claim exists to protect defendants from facing multiple actions on a single claim. *Independent School District No. 14 v. Ampro Corp.*, 361 N.W.2d 138, 144 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Mar. 29, 1985). National City Bank is a party in interest by virtue of its position as an original party to this action. Rule 25.03 of the Minnesota Rules of Civil Procedure allows an original party to pursue the action after a transfer of interest.

In addition, National City Bank has standing to appeal from the judgment because it has agreed to indemnify the purchaser with respect to the Poppenberger lien. The indemnity agreement provides:

\* \* \* \* \* \*

2. Seller shall forever defend, indemnify and hold Purchaser and the Property harmless from and against any and all · loss, claims, or damage arising from or related to the Liens; provided that the mere continued existence of such Liens or any of them as a possible cloud or encumbrance on Purchaser's title shall not be a ground for invoking any undertaking of Seller hereunder.

\* \* \* \* \* \*

National City Bank has not only agreed to indemnify the purchaser, but by agreeing to defend against any claims arising from the liens it has been subrogated to the rights of the purchaser as fee owner. National City Bank thus acquires all of the rights of the purchaser. *See Employers Liability Assurance Corp. v. Morse*, 261 Minn. 259, 263, 111 N.W.2d 620, 624 (1961).

■ 2. Waiver

National City Bank asserts that the failure of Poppenberger to file its answer within one year as required by Minn.Stat. § 514.12, subd. 3 (1988) prevents Poppenberger from enforcing its mechanics' lien. National City Bank ultimately made three motions challenging the jurisdiction of the trial court to hear Poppenberger's claim. The trial court's findings of fact state that National City Bank waived this defense by failing to include it in its answer or in a motion preceding the answer as required by rule 12.02 of the Minnesota Rules of Civil Procedure.

The Minnesota Rules of Civil Procedure do not apply in a mechanics' lien action where the rules conflict with the mechanics' lien law. Minn.R.Civ.P. 81.01. We find that rule 12.02 does not apply in this case. At the time National City Bank filed its answer to the complaint there was no claim which could be asserted by either Poppenberger or National City Bank against the other. Thus National City Bank's defense as to Poppenberger's untimely answer was not a defense to a claim for relief within the meaning of the rule. In fact, National City Bank had no cognizable defense against Poppenberger which could be asserted at the time of its own answer because the 20–day statutory period for the filing of answers had not yet run. It was only after the time period expired that National City Bank had a cognizable defense. If Poppenberger's inter-

pretation of rule 12.02 were accepted by this court, no defendant in a mechanics' lien action could assert the defense of untimely filing and yet be timely itself.

Furthermore, even if rule 12.02 applied to this action, National City Bank would not have waived its defense. Minn.Stat. § 514.11 (1988) provides that no answer need be served on other parties in a mechanics' lien action. National City Bank therefore falls within the exception of rule 12.02 which allows a party to assert any defense in law or fact at trial where no responsive pleading is required.

■ 3. Validity of Poppenberger's mechanics' lien.

A mechanics' lien will cease to exist at the end of 120 days from the last day of work or furnishing the last item of skill, material or machinery unless the lien claimant files a mechanics' lien statement with the county recorder and serves a copy of the statement on the property owner or the owner's authorized agent. Minn.Stat. § 514.08, subd. 1 (1988). Poppenberger filed its mechanics' lien statement on January 24, 1986; within 120 days from the last day of work claimed as September 30, 1985.

Under Minn.Stat. § 514.11, an action to foreclose a lien may be commenced by any lien holder who has filed a lien statement for record and has served the owner with a copy of the lien statement pursuant to Minn.Stat. § 514.08. Notwithstanding the time limitations which attach once an action to foreclose a lien has commenced, the statute explicitly states:

> No lien shall be enforced in any case unless the holder thereof shall assert the same, either by complaint or answer, within one year after the date of the last item of the claim as set forth in the recorded lien statement; * * *

Minn.Stat. § 514.12, subd. 3. The record is clear that Poppenberger did not act to enforce its lien by filing its answer until January 21, 1987, almost 16 months after the date of the last item of work as claimed in its recorded lien statement. Poppenberger's lien expired when Poppenberger did not comply with the statutory requirements to assert the lien within one year from the

last day of work. This was a fatal defect which is beyond Poppenberger's power to cure. *See Bauman v. Metzger*, 145 Minn. 133, 141, 176 N.W. 497, 500 (1920) (mechanics' lien claimant was not entitled to a lien against the property when the claimant failed to enforce the lien within the one-year statutory period). Poppenberger, therefore, did not have a viable lien at the time it filed an answer with the district court to enforce its lien.

Because we find that Poppenberger's lien expired, we need not address appellant's arguments concerning either the application of Minn.R.Civ.P. 6.02 to these facts or the sufficiency of the evidence as to respondent's actual last day of work.

## DECISION

The trial court erred in finding that National City Bank waived its defense of Poppenberger's failure to timely enforce its lien. Poppenberger's failure to comply with Minn.Stat. § 514.12, subd. 3 caused the lien to expire.

Reversed.