MAVCO, INC., d/b/a Maverick Construction, Appellant,

v.

Rodney EGGINK, et al., Respondents,

Vermillion State Bank, et al., Defendants,

Wells Fargo Bank, N.A., Respondent.

No. A05–2018.

Court of Appeals of Minnesota.

Aug. 29, 2006.

Frank J. Rajkowski, St. Cloud, MN, for appellant.

Robert J. Feigh, Gray, Plant, Mooty, Mooty & Bennett, St. Cloud, MN, for respondents Rodney Eggink, et al.

John C. Holper, Thomas H. Boyd, Winthrop & Weinstine, P.A., Minneapolis, MN, for respondent Wells Fargo Bank.

Considered and decided by MINGE, Presiding Judge, HALBROOKS, Judge, and FORSBERG, Judge.

## OPINION

FORSBERG, Judge.*

On appeal in this mechanic's lien foreclosure action, appellant construction company argues that (1) respondent mortgagee is not protected by the statute of limitations in Minn.Stat. § 514.12, subd. 3 (2004), because the mortgage was issued after appellant's mechanic's lien was filed and the mortgage was not recorded until after appellant's mechanic's lien action was started; and, alternatively, (2) the district court should have allowed appellant to amend its complaint to relate back under Minn. R. Civ. P. 15.03 to give appellant's mechanic's lien priority over the mortgage for purposes of these proceedings. We affirm.

## FACTS

Respondents Rodney and Karla Egginke own residential property in Becker, Minnesota. Appellant Mavco, Inc., d/b/a Maverick Construction, provided services, labor, skill, and material in connection with improvements to the Egginke property. The last date that Mavco contributed to the improvement was November 26, 2003.

The Egginks did not pay Mavco for all of its work. On January 23, 2004, Mavco filed a mechanic's lien statement pursuant to Minn.Stat. § 514.08, subd. 2 (2004). Mavco commenced this mechanic's lien foreclosure action on May 18, 2004. On May 19, 2004 Mavco filed a notice of lis pendens with the Sherburne County Recorder.

On May 14, 2004, three days before Mavco commenced this action, the Egginks refinanced their debt on the property and provided respondent Wells Fargo Bank, N.A., with a mortgage against the property. On or about June 30, 2004, in the answer to the complaint, the Egginks informed Mavco of the existence of the Wells Fargo mortgage. The mortgage was recorded with the Sherburne County Recorder's Office on July 28, 2004.

On January 5, 2005, the Egginks and Mavco entered into a mediated settlement agreement under which the Egginks agreed to pay Mavco $100,000. The agreement provided that, if payment was not made by March 5, 2005, a mechanic's lien judgment, plus attorney fees and costs, would be entered. Wells Fargo was not a party to the mediation or the mediated settlement agreement.

On May 9, 2005, Mavco filed a motion seeking to join Wells Fargo, by supplemental complaint, as a defendant in this action, establish priority of Mavco's lien over the Wells Fargo mortgage, and enforce the mediated settlement agreement. The Egginks did not oppose Mavco's motion.

Following a hearing, the district court denied Mavco leave to join Wells Fargo as a defendant and concluded that Wells Fargo's mortgage had priority over Mavco's mechanic's lien.[1] This appeal followed.

## ISSUES

I. Did the district court properly conclude that the one-year limitations period

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. The district court also concluded that Mavco was entitled to recover $100,000 from the Egginks plus reasonable attorney fees under the mediated settlement agreement, but that conclusion is not at issue on appeal.

in Minn.Stat. § 514.12, subd. 3 (2004), precludes Mavco from joining Wells Fargo as a defendant to this action?

II. Did the district court abuse its discretion in declining to allow the supplemental complaint to relate back to the initial complaint?

## ANALYSIS

### I.

■ Statutory construction is a question of law, which this court reviews de novo. *Ryan Contracting, Inc. v. JAG Inv., Inc.,* 634 N.W.2d 176, 181 (Minn.2001).

Minn.Stat. § 514.12, subd. 3 (2004), states:

> No lien shall be enforced in any case unless the holder thereof shall assert the same, either by filing a complaint or answer with the court administrator, within one year after the date of the last item of the claim as set forth in the recorded lien statement; and, no person shall be bound by any judgment in such action unless made a party thereto within the year; and, as to a bona fide purchaser, mortgagee, or encumbrancer without notice, the absence from the record of a notice of lis pendens of an action after the expiration of the year in which the lien could be so asserted shall be conclusive evidence that the lien may no longer be enforced and, in the case of registered land, the registrar of titles shall refrain from carrying forward to new certificates of title the memorials of lien statements when no such notice of lis pendens has been registered within the period.

■ It is undisputed that Mavco failed to seek to add Wells Fargo as a party to this action until more than one year after the date Mavco furnished its last contribution to the improvement. The statutory language of Minn.Stat. § 514.12, subd. 3,

does not specifically address the situation here, in which the mortgage was executed before, but recorded after, this action was commenced.

The one-year limitations period in Minn. Stat. § 514.12, subd. 3, has been strictly enforced for more than 100 years. In *Morrison County Lumber Co. v. Duclos,* 138 Minn. 20, 24–25, 163 N.W. 734 (1917), the supreme court applied a predecessor to Minn.Stat. § 514.12, subd. 3, to bar a claim against a subsequent mortgagee, holding that "it was beyond the power of the court to revive a lien which the statute declares dead." The holding is based on the plain statutory language without regard to when the mortgage was executed and recorded. In *Hokanson v. Gunderson,* 54 Minn. 499, 503, 56 N.W. 172 (1893), the defendant did not acquire her interest in the property until after the mechanic's lien action was started, and her mortgage was not recorded until after the one-year limitations period had expired. The supreme court concluded that a defendant was not bound by the judgment in a mechanic's lien action when the action was not commenced against the defendant within one year after the date of the last item on the account for labor and materials of any of the lien claimants in the action. *Id.*

> Recently, the supreme court stated:
> The requirements for the attachment and creation of a mechanics' lien are to be strictly construed.... The one-year limitation of the lien statutes is no ordinary statute of limitations; it puts a limit to the life and duration of the lien. The statutes require that not only filing a complaint, but also making [each defendant] a party ... must be done within one year. If these requirements are not met, the lien and any cause of action flowing therefrom cease to exist at the end of the year.

*Ryan Contracting,* 634 N.W.2d at 183 (citations omitted).

The plain language of Minn.Stat. § 514.12, subd. 3, expressly places the burden on the lienholder to bring parties into a mechanic's lien foreclosure action within one year after the lienholder's final contribution to an improvement. The statutory language is consistent with the longstanding precedent of strict enforcement of the one-year limitations period in Minn.Stat. § 514.12, subd. 3. Accordingly, we hold that a mortgagee is protected by the statute of limitations in Minn.Stat. § 514.12, subd. 3, when the mortgage is issued before, but not recorded until after, the mechanic's lien foreclosure action is started.

## II.

■ Mavco argues alternatively that the district court should have allowed the supplemental complaint to relate back under Minn. R. Civ. P. 15.03, which states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

We review the denial of a motion to amend a complaint under an abuse of discretion. *Beberman v. Frisch*, 242 Minn. 12, 22, 64 N.W.2d 132, 139 (1954). Mavco asserts

that it incorrectly named Vermillion State Bank, rather than Wells Fargo, as a party because Vermillion State Bank held the mortgage of record when this action was commenced.

■ The only reported case applying Minn. R. Civ. P. 15.03 in a mechanic's lien foreclosure action involved the substitution of the parent corporation of the named defendant. *R.B. Thompson, Jr. Lumber Co. v. Windsor Dev. Corp.*, 383 N.W.2d 357, 361 (Minn.App.1986), *review denied*, (Minn. May 22, 1986). As the parent corporation, it had received notice and knew that, but for a mistake concerning the identity of the proper party, an action would have been brought against it. *Id.* Here, there is no relationship between Vermillion State Bank and Wells Fargo. Therefore, it was not an abuse of discretion for the district court to deny Mavco's supplemental complaint.

## DECISION

The district court did not did not abuse its discretion by denying Mavco leave to join Wells Fargo as a defendant and by concluding that Wells Fargo is protected by the limitations period in Minn.Stat. § 514.12, subd. 3 (2004).

**Affirmed.**

MINGE, Judge (dissenting).

I respectfully dissent. Minn.Stat. § 514.11 (2004), which governs commencement of a mechanic's lien foreclosure action, defines the defendants in the action in terms of lienholders that have "filed a lien statement for record." When Mavco began this action and filed its notice of lis pendens, Wells Fargo had not yet recorded its mortgage. As of that date, Wells Fargo lacked an interest of public record. Mavco had no knowledge of Wells Fargo's interest until several weeks later.

Because Wells Fargo was not an interested party of record when this action was

commenced or when notice of lis pendens was filed, I would hold that Wells Fargo is not protected by Minn.Stat. § 514.12, subd. 3 (2004). This approach respects the notice function of the recording system. *See* Minn.Stat. § 507.32 (2004) (stating that the "record … of any instrument properly recorded shall be taken and deemed notice to parties"); Minn.Stat. § 557.02 (2004) (stating that "[f]rom the time of the filing of [notice of lis pendens], and from such time only, the pendency of the action shall be notice to purchasers and encumbrancers of the rights and equities of the party filing the same to the premises"). In other contexts, the supreme court has held that a party holding an interest in property that is not recorded until after a notice of lis pendens is recorded takes the property subject to the action for which notice of lis pendens was recorded. *See Marr v. Bradley*, 239 Minn. 503, 510, 59 N.W.2d 331, 335 (1953) (specific performance action); *Bredeson v. Nickolay*, 156 Minn. 506, 194 N.W. 460, 461 (1923) (same).

Neither the language of Minn.Stat. § 514.11 nor case law compel the result reached by the majority. Minn.Stat. § 514.12, subd. 3, is silent as to when a party must acquire and record a property interest to be protected by the one-year limitations period. The cases relied on by the majority are distinguishable. In all of them, the party objecting to the mechanic's lien foreclosure either otherwise had a position of priority over the mechanic's lien or was in privity with a recorded interest in the property at the time the lien foreclosure action was commenced. In *Duclos,* the mortgage was recorded before the mechanic's lien statement was filed and thus before the mechanic's lien foreclosure started. *Morrison County Lumber Co. v. Duclos,* 138 Minn. 20, 21, 163 N.W. 734, 735 (1917). Similarly, in *Hokanson* the mortgage predated the mechanic's lien and the claiming party, as the purchaser of the property at the mortgage foreclosure sale, was in privity with that earlier recorded interest. *Hokanson v. Gunderson,* 54 Minn. 499, 502, 56 N.W. 172, 173 (1893).

The rule stated in this case would allow a person who recorded an interest 364 days into the one-year deadline for foreclosure to obtain priority over the holder of the mechanic's lien unless the lienholder amended his complaint and served the newcomer in the brief one-day period before the one-year deadline expired. This is not a reasonable result. Although last-minute checking of real estate records is possible, serving an amended complaint may be physically impossible. In fact, a party (like Wells Fargo in this case) who is loaning money and acquiring a mortgage after the mechanic's lien has been filed has been put on notice of an adverse claim and can protect itself by inquiry. To give that party priority over the mechanic's lien claimant who timely forecloses the lien is not consistent with general rules of real estate priority or logical development of the law.