# P. M. GETTY v. VILLAGE OF ALPHA.[1]

## Nos. 17,335—(34).

## October 27, 1911.

**Summons in justice court.**

The summons in this action was issued by a justice of the peace, and provided that it should be served by delivering a copy thereof to the chief executive officer, or in his absence to the clerk of the village. *Held*, the summons was sufficient for two reasons: First, the direction as to the manner of service may be treated as surplusage; second, the manner of service prescribed was in accordance with section 4107, c. 77, which controlled in the absence of any provision in chapter 75 for the service of a summons upon municipalities.

**Appeal from justice court.**

Any aggrieved person may appeal from a judgment in a justice court upon questions of law and fact, when the amount claimed in the complaint exceeds $30, whether the decision is upon questions of law or upon the merits.

## November 24, 1911.

**Defective pleading — right to object lost.**

A defective pleading, clearly amendable in the discretion of the trial court, cannot be objected to in this court by a party who had opportunity to raise the objection in the trial court but neglected so to do. [Reporter.]

**Special appearance.**

When a party appears specially and objects to the jurisdiction of the court over his person, and his objection is overruled, he does not waive the objection by answering to the merits and proceeding to trial. [Reporter.]

Action in justice court to recover $36 for services as assessor for defendant village rendered in the year 1910. The defendant appeared specially and objected to the jurisdiction of the court on the grounds stated in the first opinion. From the judgment entered by the justice, plaintiff appealed to the district court for the county of Jackson upon questions of law and fact. Upon the call of the calendar in the district court, defendant appeared specially

[1] Reported in 133 N. W. 159.

and objected as mentioned in the opinion. The objection was over-ruled. Defendant then, still appearing specially, moved that the appeal be dismissed, and that motion was overruled. When reached for trial in the district court, the defendant offered no testimony but stood upon the record. The case was tried before Quinn, J., who found plaintiff was entitled to judgment for $37.18. Defendant appealed from the judgment entered pursuant to the order. Affirmed.

*Knox & Faber,* for appellant.

*E. H. Nicholas,* for respondent.

LEWIS, J.

Plaintiff commenced this action in the justice court to recover the value of services, alleged at $36, performed for the defendant. The defendant appeared specially before the justice and objected to the jurisdiction of the court upon three grounds: First, that the summons was void for the reason that it did not comply in form or substance with the summons authorized by section 3998, Revised Laws 1905; second, that it was void because it prescribed the manner in which the summons should be served, and the manner prescribed for service was not that provided by the statute; third, that the summons was void because it did not fix the place of service of the summons to be in the county of Jackson. The justice sustained the objections and entered judgment against the plaintiff for costs. Thereupon the plaintiff appealed to the district court, and defendant objected to the jurisdiction of the court upon the grounds formerly urged in the justice court, and upon the additional ground that no appeal could be taken upon questions of law and fact, inasmuch as the justice had not passed upon the merits of the case. Judgment was entered for the plaintiff, and defendant appealed to this court.

Section 3998 provides as follows: "The following or equivalent forms shall be used by the justices of the peace in proceedings to be had under the provisions of this chapter." Then follows a form for the summons which commands the officer to summon the defendant, if he shall be found in the county upon a specified day, to answer the complaint; but nothing is said in the form as to the manner of its service. The summons in question prescribed the manner of serv-

ice as follows: "You are hereby commanded to summon the village of Alpha, Minnesota, the defendant herein, by delivering a copy of this summons to the chief executive officer, or in his absence to the clerk of said village," etc. The summons was served by a constable, who certified that he served it personally upon the village of Alpha, by reading the same and delivering a copy thereof to John L. Obermeyer, the chief executive of the village, etc.

The summons was in compliance with the requirements of the statute for two reasons: First, the statute does not require that the summons shall contain a statement of the manner in which it shall be served, and therefore the provision to that effect in the summons under consideration may be treated as surplusage; second, section 3885 provides that, where no special provision is otherwise made by law, justice courts shall have all powers possessed by courts of record, and all laws of a general nature shall apply to justice courts so far as the same are applicable and not inconsistent with the provisions of chapter 75.

Section 3894 provides that a summons shall be served by reading the same to the defendant and by delivering a copy thereof to him if he can be found, and if not found by leaving a copy thereof at his last usual place of abode, etc. Chapter 75 makes no provision for the service of a summons upon a municipality or village; but chapter 77, § 4107, provides that a summons shall be served upon a city, village, or incorporated place by delivering a copy thereof to the chief executive officer, or in his absence to the clerk. Therefore the method of service prescribed in the summons was in accordance with the statute, and its insertion in the summons was not misleading, and it follows that the form of summons used was equivalent to the form prescribed by statute. The third ground urged by the defendant is untenable. It appeared from the face of the summons that the defendant was a municipality located within the county of Jackson, and hence the failure in the summons to otherwise fix the place of service was immaterial.

The point urged in the district court, that the court was without jurisdiction because the justice did not pass upon the merits of the case, is answered by calling attention to section 3981, which provides

that any aggrieved person may appeal upon questions of law and fact when the amount claimed in the complaint exceeds $30. It is immaterial whether the justice decides the case upon questions of law alone, or upon the merits.

Affirmed.

On November 8, 1911, the court granted a reargument upon the following question: "Was it necessary as a condition precedent to allege in the complaint that the certificate of the auditor as required by Laws 1907, c. 87, had been obtained and filed with the town clerk?"

On November 24, 1911, the following opinion was filed:

PER CURIAM.

A rehearing was granted upon the ground that the court failed to consider the point made by appellant that the complaint was defective for the reason that it failed to state that the certificate of the auditor, as required by Laws 1907, p. 101, c. 87, had been obtained and filed with the clerk.

Respondent now makes the point that no objection to the sufficiency of the complaint was made in the justice court or the district court, and is raised for the first time in this court, and that under the rule appellant is not entitled to have the matter considered. We have examined the record and find that the objections of the defendant were directed solely to the jurisdiction of the court for the reasons considered and disposed of in the former decision, and the objection that the complaint was defective was never raised and was not even assigned as error in this court.

Conceding appellant's position to be correct that the procuring and filing of the certificate was a condition precedent and should have been pleaded, it was clearly a matter which could have been set up by amendment had the objection been made in the lower court. A defective pleading, clearly amendable in the discretion of the trial court, cannot be objected to in this court by a party who had an

opportunity to raise the objection in the trial court but neglected so to do. Dunnell, Minn. Pr. § 1829.

Appellant was not excused from raising the objection to the complaint in the court below by its special appearance and plea to the jurisdiction. When a party appears specially and objects to the jurisdiction of the court over his person, and his objection is overruled, he does not waive the objection by answering to the merits and proceeding to trial. Dunnell, Digest, §§ 482, 484.

Decision adhered to.