## IDA O. SEGERSTROM v. HOLLAND PIANO MANUFACTURING COMPANY.[1]

March 7, 1919.

No. 21,067.

**Appeal and error — no reversal for unnoticed defects in pleadings.**

1. Defects in pleadings not challenged, before or during the trial, by demurrer, motion or specific objection, should not work a reversal where the cause of action or defense has been litigated on the merits as if no defects in the pleadings existed.

**Contract — conversations before execution inadmissible to vary its terms — dividends on stock placed in escrow.**

2. Under a written .contract 50 shares of defendant's capital stock were placed in escrow, to be delivered to plaintiff's assignor when payment of a specific sum had been made therefor out of future declared dividends. When this suit was brought to recover dividends upon these shares, payment of said sum had not been made, but there were declared dividends on hand out of which to then make the first partial payment. It is *held*:

(1) Evidence of conversations pending the negotiations for the written contract was inadmissible to vary or contradict its terms. Whether such conversations would tend to establish the right of the escrow shares to participate in the declared dividends, was not made to appear by any offer of proof, hence the rulings excluding the conversations cannot be considered reversible error.

(2) Upon this record the court below was justified in holding the escrow shares not entitled to participate in any dividends declared at the time this action was begun.

Action in the district court for Hennepin county to recover $1,000 dividends declared upon stock in defendant company. The facts are stated in the opinion. The case was tried before Steele, J., who when plaintiff rested denied plaintiff's motion for a directed verdict for $1,000 and granted defendant's motion to dismiss the action. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 170 N. W. 930.

*Thomas Kneeland,* for appellant.
*Gray & Eaton,* for respondent.

HOLT, J.

The action is one to recover declared dividends upon shares of capital stock in the defendant, a Minnesota corporation. When the evidence was in, a dismissal was granted on defendant's motion. Plaintiff appeals from the order denying a new trial.

The complaint alleges that on December 24, 1913, defendant issued and delivered to Ruth E. Segerstrom 100 shares of its capital stock of the par value of $100 a share, and agreed to pay her the dividends thereon; that defendant, since said date, has earned and declared three annual dividends amounting to 20 per cent on the outstanding capital stock; that, although demanded, defendant has refused to pay the dividends on 50 of said 100 shares so issued and delivered, which dividends said Ruth E. Segerstrom has assigned to this plaintiff. The answer is that on the date mentioned in the complaint defendant, under and by virtue of a written contract between it and Victor E. Segerstrom, issued and delivered to Ruth E. Segerstrom 50 shares, and issued 50 shares in her name and delivered the same to V. H. Van Slyke to be held by him in escrow until paid for by declared dividends as provided in said contract, when the same should be delivered to Ruth E. Segerstrom; it also alleges that the last mentioned 50 shares are the shares on which the dividends have not been paid. That the three annual dividends have been declared is admitted. The reply admits that the 50 shares referred to in the answer are the shares upon which plaintiff claims dividends, but alleges want of consideration for the agreement set up in the answer.

That an owner of shares of corporate stock may assign the dividends declared thereon cannot be doubted. On the pleadings it stands admitted that plaintiff has succeeded to whatever right Ruth E. Segerstrom had to the dividends herein claimed, for the answer contains neither a specific nor a general denial. That 20 per cent in dividends has been declared, no part of which has been paid to Ruth E. Segerstrom or to plaintiff, her assignee, on these 50 shares of stock is expressly admitted. Hence, the only issue was the right of plaintiff, standing in Ruth E.

Segerstrom's shoes, to the money. But plaintiff also contends that for want of a denial in the answer it must be taken as admitted that the 50 shares in question were issued and delivered to Ruth E. Segerstrom, and hence, as a matter of law, it follows that her assignee, this plaintiff, is entitled to the dividends belonging to those shares and to judgment as prayed. There was no demurrer to the answer, no motion by plaintiff for judgment on the pleadings, and in no objection to the introduction of evidence was it claimed specifically that on the pleadings the issue and delivery of these 50 shares to Ruth E. Segerstrom stood admitted. Therefore, the answer should now be considered as taking issue upon plaintiff's statement of the transaction of December 24, by giving its own version thereof, which, while admitting the issuance of the shares in the name of Ruth E. Segerstrom, alleges a delivery in escrow under an agreement by which the ownership and title does not pass until there has been full payment. This is virtually an avoidance of the legal conclusion which follows from the fact that when corporate stock has been issued and delivered to a person, in the absence of some valid agreement to the contrary, he has the right to participate in the declared dividends. The promise to pay dividends alleged in the complaint adds nothing to this legal conclusion. During the course of a trial and after verdict pleadings receive a more liberal construction in favor of presenting the merits of the claim asserted and of the defense thereto than when challenged by demurrer or by motion before trial. We think the language in Smith v. Coe, 170 N. Y. 162, 63 N. E. 57, cited by appellant, is fitting here: "While the decision of this appeal could possibly rest upon the point suggested, it is never desirable to have important cases decided in this court upon mere errors or questions of practice, after a trial in which no specific objection to the form of the pleading was made, and so we have carefully examined the record with a view to ascertain the real merits of the controversy."

The merits of this appeal must therefore be determined upon the correctness of the trial court's construction of the contract pleaded and proved. It is entirely clear from the evidence that Ruth E. Segerstrom's claim to the 50 shares upon which no dividends have been paid to her, or to plaintiff, is derived through that contract. The contract, made by the defendant as party of the first part, Victor E. Segerstrom, husband

of Ruth E., as party of the second part, and V. H. Van Slyke as escrow party, reads:

"That for and in consideration of the assignment hereby made to said first party by said second party of all his right, title and interest in and to the copyright trade name and label 'Segerstrom' as applied to pianos and musical instruments, which trade name and label has heretofore been used by the Segerstrom Piano Mfg. Co., the first party hereto hereby agrees to and does sell, assign, set over and deliver to Ruth E. Segerstrom its stock of the par value of $10,000.00 under and pursuant to the conditions following:

"a. One certificate of fifty (50) shares thereof to be immediately issued and delivered to said Ruth E. Segerstrom as and for fully paid up stock.

"b. One certificate of fifty (50) shares thereof to be issued in the name of Ruth E. Segerstrom and delivered to V. H. Van Slyke to be held in escrow until the same is paid for in manner and form as follows: When and as said company shall have available the sum of Twenty Thousand ($20,000.00) Dollars by the directors of said Company declared as a dividend, ten per cent of such sum shall be applied on the purchase price of said second certificate of stock and when and as dividends are thereafter declared after the first dividend amounting to twenty per cent has been declared, allowances shall be made in like proportion and applied as and for the purchase price of said stock until the whole sum of Five Thousand ($5,000.00) Dollars shall have been so applied thereupon, said V. H. Van Slyke agrees to deliver to Ruth E. Segerstrom or her nominee said certificate of stock."

The contract expresses clearly enough the final conclusion of the parties in respect to the deal between Victor E. Segerstrom and the defendant. For the right to the use of a trade-name, defendant issued and delivered 50 shares of its capital stock, and placed 50 shares in escrow to be delivered when paid for as stipulated in the contract. The contract unquestionably embodies the final conclusion of the parties respecting the exchange of property rights and what should be done in the future to complete the transaction. Its terms could therefore not be varied or contradicted by proof of oral statements or conversations pending the negotiations for the exchange. The only doubt that arises

in relation to the contract is whether the $2,000, which is to constitute the first payment, is to be deducted from the $20,000 declared dividends, and the balance of $18,000 distributed pro rata among all stock issued, including these escrow shares, or whether it is to be distributed only to the outstanding delivered stock. Questions were asked as to conversations between Segerstrom and the president of defendant regarding the payment of dividends on the 50 shares in escrow before, at, and after the execution of the contract. Objections on various grounds were interposed by defendant and sustained. There was no offer to prove what the conversations were, and we are not therefore in a position to say that reversible error occurred. No attempt was made to show surrounding circumstances, such as the total amount of stock outstanding apart from the 100 shares involved in this transaction, or whether there were any other stockholders than the officers who carried the deal through. Such evidence might have been helpful in clearing the difficulty suggested.

As the record now stands we are of the opinion that the dismissal was right. When dividends are declared by the directors of a corporation, the corporation becomes a debtor to each of the owners and holders of the outstanding shares of stock. But under the language of this contract it is conceived that, as between Ruth E. Segerstrom and the corporation, the ownership of the 50 shares escrow stock was not in her at the time the declared dividends were earned. The certificate had not been delivered and could not be delivered until the full sum of $5,000 had been paid in the manner provided in the contract. In other words, this stock was not issued and delivered when this action was brought so as to entitle it to participate in dividends. It is not necessary now to determine whether or not, after partial payments under this contract, there will be a right on the part of Ruth E. Segerstrom or her assigns to participate in declared dividends in the proportion in which payments have been made.

Order affirmed.