## PATRICK J. GLEASON v. DULUTH NEST NO. 1200 ORDER OF OWLS AND OTHERS.[1]

June 12, 1931.

No. 28,431.

*W. F. Dacey,* for appellants.

*John Brown,* for respondent.

[1]Reported in 237 N. W. 196.

Wilson, C. J.

Defendants appealed from a judgment.

Thomas R. Gleason was a member of Duluth Nest No. 1200 Order of Owls for about 18 years. He died December 1, 1928, testate, leaving the plaintiff, his brother, as his residuary legatee.

The by-laws provide that upon the death of a member in good standing at the time of his death the sum of $100 shall be appropriated by the trustees toward his funeral expenses. This action is to recover such $100. Art. 6, § 1, of the by-laws also provides:

"When a member shall have become in arrears for dues or assessments he shall be notified by the secretary, and if he does not pay up within three months, he shall again be notified at his last known address, and if he does not pay within ten days thereafter shall stand suspended. At the end of one year he will be dropped from the rolls."

The answer alleged that decedent had terminated his membership about April 1, 1928, by failing to pay his dues as required by the by-laws. The reply alleged waiver of the by-laws, and the court held that the defendants had waived them.

■ The facts upon which such waiver is based are these:

During deceased's membership he was usually delinquent in the payment of his dues; that no complaint or protest was ever made; that dues were always accepted regardless of the time when offered; that dues would have been accepted at any time up to the time of his death; that notices for the payment of dues were sent to decedent at irregular periods; that such notices were in the same form whether decedent was in arrears or otherwise; that decedent was never given any notice that the provisions of the by-laws would be enforced; that on the day of decedent's death notice was sent to him inviting him to come to a meeting. The record of payments made during the last four years of decedent's life is as follows:

"August 5, 1924, $6.00—7 months and 5 days late.
"January 10, 1925, $4.50—4 months and 10 days late.
"November 7, 1925, $6.00—8 months and 7 days late.

"For November and December, 1925, $1.50.

"March 10, 1926, $4.50—2 months and 10 days late.

"August 8, 1926, $1.50—1 month and 8 days late.

"For September and October,

"November and December, 1926, $3.00.

"February 1, 1927, $2.25—1 month late.

"For May and June, 1927, $2.25.

"October 1, 1927, $2.25—3 months late.

"November 14, 1927, $2.25—1 month and 14 days late.

"March 27, 1928, $2.25—2 months and 28 days late."

Such record supports the finding of waiver. Behnke v. Modern Brotherhood, 167 Minn. 104, 208 N. W. 542; Leland v. Modern Samaritans, 111 Minn. 207, 126 N. W. 728.

■ Defendants now advance in this court for the first time the claim that before recovery may be had in an action of this character the plaintiff must allege and prove that he is the person who has incurred or paid the funeral expenses. Plaintiff neither alleged nor proved that he had done either. Authorities are cited to support the claim. We do not examine or consider them. This point was never made in the lower court by demurrer, by a specific objection to the introduction of evidence, or otherwise. Defendants alleged and stood on a definite defense under their by-laws. The reply made waiver the issue which was litigated. Concededly the man was dead and was buried. Defendants must be held to have voluntarily litigated their liability regardless of the now alleged defect in the complaint. They acted just as though no such defect in the pleading existed. Having lost in the trial of the issue so litigated, they cannot now be heard to go back and assert defects in the pleading which might have been within their reach had the point been seasonably made. Segerstrom v. Holland Piano Mfg. Co. 142 Minn. 104, 170 N. W. 930; Strand v. C. G. W. R. Co. 147 Minn. 1, 179 N. W. 369.

Affirmed.