# JOHN W. THOMAS COMPANY v.
# CARLSON-LaVINE, INC.

189 N. W. (2d) 199.

July 30, 1971—No. 42714.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *Mary Jeanne Coyne,* for appellant.

*Mahoney, Dougherty, Angell & Mahoney* and *John F. Angell,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the Hennepin County District Court entered June 19, 1970, dismissing the action of plaintiff-appellant, John W. Thomas Company, against defendant-respondent, Carlson-LaVine, Inc., with prejudice.

Plaintiff, a Minneapolis retail department store, brought the action to recover damages to personal property incurred because of defendant's alleged negligent construction activities upon adjoining premises.

For many years prior to 1964, plaintiff and Minneapolis (now Midwest) Federal Savings & Loan Association occupied adjoining buildings on Eighth Street in downtown Minneapolis. Plaintiff owned the premises located at Eighth Street and Nicollet Avenue, and the savings and loan association owned the premises at Eighth and Marquette. The two buildings abutted in the middle of the block on Eighth Street.

On November 2, 1964, plaintiff sold its building to Minneapolis Federal, but as a part of the transaction Minneapolis Federal leased the building back to plaintiff, reserving for its own use, however, a portion on the ground floor which fronted on Eighth Street and adjoined the Minneapolis Federal building. Because Minneapolis Federal wished to expand its operations into this area, it was necessary to cut an archway through the abutting walls of the two buildings and erect new interior partitions separating the area from plaintiff's department store. Minneapolis Federal hired defendant to do the construction work, which was begun about Thanksgiving of 1964.

During the remodeling period defendant erected partitions which separated plaintiff's store from the construction area. Defendant then began to knock a hole in the adjoining walls of the buildings. However, dust from the construction area infiltrated the first floor of plaintiff's store, particularly in the women's sportswear department, where layers of dust settled on the clothing racks and damaged the clothing.

In this action plaintiff alleges that defendant's negligent performance of the construction work caused the damage to plaintiff's merchandise and seeks to recover therefor. Defendant contends that any damages sustained were the result of plaintiff's contributory negligence or of an unavoidable accident and that plaintiff had assumed the risk and hazard of injury to its merchandise.

At the trial, plaintiff called as its only witnesses Stanley Smith, president of plaintiff at the time of the remodeling of the building, and Mrs. Jeanne Dickinson, then the buyer in plain-

tiff's women's sportswear department. Mr. Smith testified on direct examination that a portion of the wall which was constructed as a partition did not go all the way to the ceiling; that at one time before Christmas he saw dust coming over this part of the wall; that he contacted the general manager of Minneapolis Federal and complained of the dust about 2 days before Christmas; and that Mr. LaVine, one of defendant's owners, came to the store, looked at some of the dust-covered clothing, and took some of the articles away with him.

On cross-examination Mr. Smith testified that in an earlier conversation with Mr. LaVine the latter told him that a "tight" partition wall was going to be built and that plaintiff's merchandise would be protected. He also testified that he had heard about the dust infiltrating the store but "let it go to my managers for a while, I heard about this but I didn't go down and inspect it myself until just before Christmas."

Mrs. Dickinson testified on direct examination that the partition separating the women's sportswear department from the construction area did not extend from the floor to the ceiling and that she saw dust coming through the space between the top of the wall and the ceiling immediately after work had started on the project after Thanksgiving of 1964. She also testified from specific inventory lists received into evidence as to which items of clothing in her department had been soiled by the dust. On cross-examination it was brought out that only 11 items from the lists were shown to be soil-damaged.

At the close of Mrs. Dickinson's testimony, plaintiff rested its case. Defendant thereupon moved to dismiss plaintiff's cause of action on the grounds that plaintiff had failed to prove a breach of any duty owed by defendant to plaintiff, or actionable negligence which was the proximate cause of plaintiff's damages. The trial court granted defendant's motion and dismissed plaintiff's action with prejudice.

The main issues appear to be (1) whether the record sustains dismissal of plaintiff's cause of action for failure to show any

actionable negligence on the part of defendant; and (2) whether plaintiff's litigation of its case on the theory of negligence at the trial level precludes its assertion of the theories of nuisance and trespass on appeal.

■ Plaintiff argues broadly that a prima facie case of negligence on the part of defendant had been presented to the jury. It contends that the evidence adduced at trial from witnesses Smith and Dickinson established that (1) defendant knew or should have known that it was necessary to construct the partitions tightly from the floor to the ceiling; (2) that defendant failed to do this; (3) that defendant knew or should have known that its activities would cause dust and debris; (4) that defendant knew or should have known that the incomplete partitions would allow dust to invade plaintiff's store; and (5) that defendant knew or should have known this dust would cause damage to plaintiff's merchandise.

Plaintiff bases its claim of defendant's liability on Restatement, Torts (2d) §§ 364 and 384, which provide:

§ 364. "A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if

"(a)   the possessor has created the condition * * *."

§ 384. "One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability, and enjoys the same freedom from liability, as though he were the possessor of the land, for physical harm caused to others upon and outside of the land by the dangerous character of the structure or other condition while the work is in his charge."

Defendant also relies on § 384, contending that since defendant was on the landlord's premises with the consent of plaintiff, defendant enjoys the same freedom from liability as the landlord.

Defendant points out that plaintiff knew at the time it took the lease that dust would occur because of the alterations and did nothing to protect its merchandise. Defendant argues that since plaintiff had full knowledge that the condition would exist, it has no cause of action against defendant, citing Breimhorst v. Beckman, 227 Minn. 409, 35 N. W. (2d) 719; and Dishington v. A. W. Kuettel & Sons, Inc. 255 Minn. 325, 96 N. W. (2d) 684.

We must agree with the trial court that plaintiff proved no actionable negligence on defendant's part. Under the simple negligence theory advanced by plaintiff, neither the landlord nor defendant is liable for harm caused by a condition which was contemplated at the time plaintiff took possession. Cf. Restatement, Torts (2d) § 356. Accordingly, the trial court properly dismissed plaintiff's action with prejudice.

■ Plaintiff raises the theories of nuisance and trespass on this appeal. They were not previously pled nor litigated in the court below. Plaintiff did amend its complaint near the end of its case to include the theory of strict liability, but neither nuisance nor trespass were mentioned as theories of liability at any time.

It is well established that where a plaintiff litigates his case on one theory only, he is precluded from asserting new theories on appeal. In State v. Adams, 251 Minn. 521, 549, 89 N. W. (2d) 661, 680, certiorari denied, 358 U. S. 826, 79 S. Ct. 45, 3 L. ed. (2d) 67, it was stated:

"* * * [A] party may not try his case under a legal theory chosen by him, and, being unsuccessful therein, subsequently complain upon appeal here that such chosen theory was really not the correct one after all."

See, Winter v. Farmers Educational & Co-op. Union, 259 Minn. 257, 107 N. W. (2d) 226; Northland Pine Co. v. Melin Bros. Inc. 142 Minn. 233, 171 N. W. 808; Duluth, M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766; State v. Adams, *supra;* White v. Western Assur. Co. 52 Minn. 352, 54 N. W. 195; Bauman v. Metzger, 145 Minn. 133, 176 N. W. 497; Skolnick v.

Gruesner, 196 Minn. 318, 265 N. W. 44; Holen v. M. A. C. 250 Minn. 130, 84 N. W. (2d) 282; Ketterer v. Independent School Dist. No. 1, 248 Minn. 212, 79 N. W. (2d) 428. In view of this rule, the theories first advanced in this court need not be discussed.

Affirmed.