## In re AFC ENTERPRISES, INC. DERIVATIVE LITIGATION

No. CIV.A. 1:03–CV–1584–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 12, 2004.

---

Douglas S. Johnston, Jr., George Edward Barrett, Timothy L. Miles, Barrett, Johnston & Parsley, Nashville, TN, Jeffrey P. Fink, Robbins, Umeda & Fink, San Diego, CA, Steven James Estep, Cohen, Cooper & Estep, Atlanta, GA, James G. Stranch, III, J. Gerard Stranch, IV, Joe P. Leniski, Jr., Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, for Plaintiff.

John Patterson Brumbaugh, Lex M. Erwin, Martin Robert Thornton, Michael R. Smith, King & Spalding, David G. Russell, J. Marbury Rainer, Parker, Hudson, Rainer & Dobbs, Peter Marshall Varney, Alston & Bird, Atlanta, GA, for Defendants.

William P. Eiselstein, Miller & Martin, Atlanta, GA, for Consol Defendant.

## ORDER

THRASH, District Judge.

This is a shareholders' derivative action. The individual Defendants and nominal Defendant AFC Enterprises, Inc. filed Motions to Dismiss Plaintiffs' Consolidated Derivative Amended Complaint ("Complaint") [Docs. 18 & 19]. For the reasons set forth below, Defendant AFC Enterprises, Inc.'s motion is denied, and the motion filed by the individual Defendants is granted in part and denied in part.

## I. BACKGROUND

Plaintiff Wesley Fortenberry is a resident of Alabama. Plaintiff Richard Charles Guarneri is a resident of South Carolina. Both Plaintiffs are shareholders of the nominal Defendant AFC Enterprises, Inc. ("AFC"). AFC is a corporation organized under the laws of the state of Minnesota with its headquarters located in Atlanta, Georgia. AFC is engaged in the business of developing, operating, and franchising fast-food restaurants.

The individual defendants in this action (collectively the "Defendants") are members of AFC's Board of Directors, officers of the corporation, and controlling shareholders, all diverse in their citizenship from the Plaintiffs.

Generally, the Plaintiffs' Complaint alleges that, between 1996 and 1999, the Defendants Belatti, Freeman Spogli & Company, and Penman Asset Management L.P. received millions of shares of AFC stock. The stock was purchased with the proceeds of loans from the company. The stock was not publicly tradable and served as the only collateral for the loans. The Complaint alleges that the Defendants conspired to cause AFC to conduct a public stock offering so that certain members of the Board and controlling stockholders could liquidate their debt to the company. Pursuant to that goal, the Complaint alleges that the Defendants caused AFC to file false and misleading financial reports in an effort to inflate the value of its stock. Eventually, AFC was forced to restate its financial reports. The share price of AFC stock plummeted resulting in damage to the Plaintiffs.

During the process of becoming a publicly traded company, AFC was required to make public filings of its finances with the Securities and Exchange Commission ("SEC"). AFC's initial registration statement filed with the SEC incorporated previously released financial results for fiscal years 1998 through 2000. (*Id.* ¶ 9.) Thereafter, AFC released quarterly financial results for April, July, October, and December of 2001, as well as for April, July, and October of 2002. (*Id.* ¶¶ 10–12.) The Complaint alleges that based on these financial disclosures, the value of AFC's stock increased. (*Id.* ¶ 13.) Then, in March of 2003, AFC informed the public that its previously released financial results for fiscal year 2001 and the first three quarters of fiscal year 2002 could not be relied upon, and would have to be restated. (*Id.* ¶ 14.) In April of 2003, AFC announced it would need to restate its financial results for fiscal year 2000 as well. (*Id.* ¶ 15.) After announcing the need to restate its finances, AFC's market value suffered significant losses, and the company was delisted by NAS-DAQ. (*Id.* ¶ 18.) This derivative litigation followed, as did federal securities class action lawsuits also pending before this Court.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero,* 963 F.2d 332 (11th Cir.1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.,* 711 F.2d 989, 994–95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.,* 753 F.2d 974, 975 (11th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed.2d 892 (1986). Under notice pleading, plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Id.*

## III. DISCUSSION

The Defendants contend that the Plaintiffs' Complaint should be dismissed on multiple grounds. First, the Defendants argue the Complaint should be dismissed because the Plaintiffs did not satisfy the pleading requirements with respect to their failure to make a demand on AFC's Board of Directors prior to filing this derivative action. Next, the Defendants contend that the Plaintiffs' allegations fail to state a claim for breach of fiduciary duty for various reasons, including: (1) the Board of Directors is protected by AFC's Articles of Incorporation which grants immunity to the Board for breaches of the fiduciary duty of care; (2) the Defendants' actions are protected by the business judgment rule; (3) the Plaintiffs' allegations with respect to insider trading fail because there was no fiduciary duty owed to the corporation and because AFC was not a purchaser of stock on the secondary market; and (4) the Complaint fails to allege that the non-di-

rector officers did or did not do anything that breached their fiduciary duties or otherwise harmed AFC. The Defendants then move to dismiss the Plaintiffs' claims for unjust enrichment, contending that the existence of a contractual relationship between the parties precludes equitable relief. Finally, the Defendants move to dismiss the Plaintiffs' claims under the Sarbanes–Oxley Act of 2002, arguing that it does not apply retroactively. These issues are discussed separately below.

### A. The Plaintiffs' Failure to Make a Demand on the AFC Board of Directors

■ The parties agree that the substantive law of Minnesota governs this diversity action. Generally, before bringing a derivative action on behalf of a corporation, a shareholder must make a demand for relief to the Board of Directors. *Winter v. Farmers Educational & Cooperative Union of America*, 259 Minn. 257, 107 N.W.2d 226, 233 (1961). This demand requirement, however, is excused if demand on the Board would be "futile." *Id.*, 107 N.W.2d at 234; *Reimel v. MacFarlane*, 9 F.Supp.2d 1062, 1065 (D.Minn.1998). Pursuant to the demand requirement, plaintiff must allege with particularity "the efforts, if any, made by the plaintiff to obtain the action plaintiff desired from the directors or comparable authority and ... the reasons for plaintiff's failure to obtain the action or for not making the effort." Fed.R.Civ.P. 23.1. Although the pleading requirement is a matter of federal procedure, whether demand on the corporation would have been futile is a matter of Minnesota state law. *Reimel*, 9 F.Supp.2d at 1065.

In Minnesota, demand on a board of directors is excused when "it is plain from the circumstances that it would be futile." *Winter*, 107 N.W.2d at 234. The Defendants ask this Court to apply the Delaware test for demand futility, which excuses demand on the Board of Directors if the Complaint creates a reasonable doubt as to (1) whether the majority of the corporation's board was disinterested, or (2) whether the challenged transaction was a valid exercise of business judgment. *Rales v. Blasband*, 634 A.2d 927, 932 (Del.1993). The Defendants are correct that

Minnesota Courts have followed Delaware's example on some issues of corporate law, but the Minnesota Courts have not adopted the Delaware test for demand futility. *Reimel*, 9 F.Supp.2d at 1065, 1067 n. 7. In fact, the Federal District Court for the District of Minnesota has specifically refused to "adopt blindly" the Delaware test, noting that at least on one occasion, its application would be "at odds with general principles of Minnesota law." *Id.* at 1067. Rather, the Minnesota test for demand futility focuses on all of the circumstances as pled in the Complaint, and then assesses on a case by case basis whether it is plain that demand on the Board would be futile.

■ The Plaintiffs' Complaint alleges egregious conduct on the part of AFC's Board of Directors. The Complaint alleges that the Board of Directors conspired to conduct an initial public offering for the purpose of allowing some members of the Board and controlling stockholders to extinguish loan debts with their stock. (Complaint ¶¶ 7, 28–38.) The Complaint also alleges that Board members knowingly or recklessly released false and misleading financial reports for the purpose of driving up the price of AFC's stock, and then sold large amounts of stock at inflated prices before the value of the securities was corrected. (Complaint ¶¶ 11, 13, 17, 28–38, 93, 118, 122.) As the Court noted in the *Reimel* decision, "in cases involving allegations of patently egregious board conduct such as converting corporate funds or self-dealing, demand almost always would be futile." *Reimel v. MacFarlane*, 9 F.Supp.2d at 1066 (*citing Grudnosky v. Bislow*, 251 Minn. 496, 88 N.W.2d 847, 852 (1958) (improper receipt of funds) and *Rothwell v. Robinson*, 39 Minn. 1, 38 N.W. 772, 773 (1888) (use of corporate resources for benefit of partnership of which director was a member)). The Board of Directors is not expected to sue itself or the chief operating officers of the company. The allegations in the Plaintiffs' Complaint refer to the kind of egregious misconduct which will excuse a demand upon the Board of Directors for the relief sought in this action. Viewing the Complaint in the light most favorable to the Plaintiffs, dismissal for failure to make a

demand on AFC's Board of Directors is not proper.

## B. AFC's Articles of Incorporation

■ The Defendants ask this Court to dismiss the Plaintiffs' fiduciary duty claims based on the exclusion for director liability contained in AFC's Articles of Incorporation. Under Minnesota law, a company's Articles of Incorporation may eliminate a director's monetary liability to the corporation or its shareholders for breach of the fiduciary duty of care. Minn.Stat. Ann. § 302A.251(4). AFC's Articles of Incorporation eliminate director liability to the full extent permitted by Minnesota law, and the Defendants contend that such requires dismissal of the Plaintiffs' fiduciary duty claims in this case.

The Defendants argue that the Plaintiffs' Complaint only asserts that they violated their duty of care. Reading the Complaint in the light most favorable to the Plaintiffs, this Court disagrees. As noted above, the Plaintiffs pled that the individual Defendants caused the corporation to issue large loans to members of the Board and significant stock holders, and then conspired to conduct an underwritten initial public offering in order to help them extinguish that very indebtedness. Moreover, the Plaintiffs' Complaint alleges that the individual Defendants intentionally or recklessly issued false and misleading financial reports for the purpose of inflating the price of AFC's securities. According to the Complaint, individual Defendants then used their inside information that the stock price was artificially high to make significant financial gains on sales of AFC stock before notifying the public that AFC's financial results for the relevant period would have to be restated. These allegations raise more than breach of the duty of care—they draw into question the Defendants' duties of good faith and loyalty. Viewing the Complaint in the light most favorable to the Plaintiffs, it would be improper to dismiss their fiduciary duty claims as this action is not in that category of cases where the Complaint "solely implicates a violation of the duty of care." *Emerald Partners v. Berlin,* 726 A.2d 1215, 1224 (Del.1999). Rather, the burden will fall on the Defendants at trial to prove this affirmative defense, provided that the Plaintiffs have evidence establishing a genuine issue of material fact as to the defense. *Id.* at 1223–24.

## C. Business Judgment Rule

■ The Defendants contend that Minnesota's business judgment rule requires dismissal of the Plaintiffs' fiduciary duty claims. The business judgment rule provides:

> A director shall discharge the duties of the position of director in good faith, in a manner the director reasonably believes to be in the best interests of the corporation and with the care an ordinarily prudent person in a like position would exercise under similar circumstances. A person who so performs those duties is not liable by reason of being or having been a director of the corporation.

Minn.Stat. Ann. § 302A.251.1. Similarly, the Defendants also argue that their reliance on the professional opinion of AFC's independent auditor and accountant, Arthur Andersen, requires dismissal because such reliance a fortiori places them within the protections of the business judgment rule. Minn.Stat. Ann. § 302A.251(2)(a). As with the exculpatory clause in the Articles of Incorporation, the Complaint, read in the light most favorable to the Plaintiffs, alleges that the Defendants took actions which fall outside of the protections of the business judgment rule and reliance defenses. The Plaintiffs allege the Defendants engaged in self dealing and knowing or reckless release of false and misleadingly positive financial results designed to artificially inflate stock prices. These allegations, if proven, would show that the Defendants' actions were not taken in good faith, were not in the best interests of the corporation, and were not reasonably based on the opinions of AFC's accounting and auditing experts. Viewing the Complaint in the light most favorable to the Plaintiffs, dismissal on the grounds of the business judgment rule and reliance defenses is improper.

### D. Insider Selling and Misappropriation of Information

■ The Defendants contend that the Plaintiffs' complaints based on the Defendants' sales of AFC stock do not state a claim for relief. First, the Defendants discuss the claims against Freeman Spogli and Penman Asset Management, both of which are privately owned investment firms that held a significant, although not a majority, share of AFC stock. The Defendants contend that as minority shareholders, Freeman Spogli and Penman Asset Management owed no fiduciary duties to AFC and therefore, cannot be liable for breach of such duties. The Plaintiffs' response is that these Defendants were controlling shareholders of AFC, and therefore had fiduciary responsibilities to the corporation.

■ In Minnesota, a minority shareholder only owes the duties of a controlling shareholder if it "actually controlled" the corporation's conduct. *Erickson v. Horing,* No. C4–02–138, 2002 WL 31163611, at *13 (Minn.Ct. App.2002) (*citing O'Reilly v. Transworld Healthcare, Inc.,* 745 A.2d 902, 912 (Del.Ch. 1999)). The burden is upon the Plaintiffs to plead and prove facts which show that Freeman Spogli and Penman Asset Management actually exercised control over AFC. While they do plead that Freeman and Penman were "controlling shareholders" in conclusory fashion, the Plaintiffs' Complaint is devoid of any factual allegations regarding their actual exercise of control. (Complaint ¶ 42–43.) Thus, the fiduciary duty claims against Freeman Spogli and Penman Asset Management are subject to dismissal.

■ With respect to the rest of the individual Defendants, the Plaintiffs contend that the funds they received from their alleged insider trading should be placed in a constructive trust for the corporation's recovery, because those profits were the result of the Defendants' breach of their fiduciary duties. The Restatement (First) of Restitution, adopted by the Minnesota Courts, says that "where a fiduciary in violation of his duty to the beneficiary receives or retains a bonus or commission or other profit, he holds what he receives upon a constructive trust for the beneficiary." *Risvold, on Behalf and for Use*

and Benefit of Cleary Hill Mines Co. v. Gustafson, 209 Minn. 357, 296 N.W. 411, 412–13 (1941). In the *Risvold* decision, which adopted the Restatement, the Court applied that expression of the law to directors who received a secret profit when purchasing land on behalf of a corporation. *Id.* The doctrine is strictly applied, and the Minnesota Court found liability inescapable where "the profit is at expense of the principal from whom has been successfully concealed the selfish motive and interest of the fiduciary." 296 N.W. at 413. In this case, the Plaintiffs' allegations are that the individual Defendants caused AFC to act in ways designed to extinguish the debts of directors and significant stockholders via a public offering, and then engaged in insider trading based on their knowledge that the price of AFC securities was artificially inflated by false and misleading financial reports. According to the Complaint, these actions resulted in a profit to the Defendants in the form of loan extinguishment and artificially high stock sale prices, and caused damage to AFC in the form of costs associated with the improper public offering, costs associated with the lawsuits filed against the company as a result of the Defendants' actions, the costs associated with re-auditing its financial records, and the damage to AFC's reputation and good will in the business community. Viewing the Complaint in the light most favorable to the Plaintiffs, the allegations fall within the penumbra of the constructive trust remedy authorized by the Restatement and the *Risvold* decision, making dismissal of the Plaintiffs' fiduciary duty claims improper. *See also* Restatement (First) of Restitution § 197 cmt. c ("The rule stated in this Section is applicable although the profit received by the fiduciary is not at the expense of the beneficiary. The rule … is not based on harm done to the beneficiary … but rests upon a broad principle of preventing a conflict of opposing interests in the minds of fiduciaries, whose duty it is to act solely for the benefit of their beneficiaries.").

### E. Claims Against the Officer Defendants

The Defendants contend that with respect to the non-Director, Officer Defendants—

namely Hala Moddelmog, Jon Luther, and Gregg Kaplan—the Plaintiffs' Complaint fails to allege facts upon which a jury could determine that they breached a fiduciary duty to AFC. The Defendants correctly point out that as to these individuals, the Plaintiffs' Complaint pleads only the most conclusory of allegations, stating on information and belief that they were involved in the acts and omissions complained about, without more. Mere conclusory allegations, unsupported by factual pleadings, will not prevent dismissal. *Next Century Communications Corp. v. Ellis,* 318 F.3d 1023, 1025 (11th Cir.2003). The Plaintiffs do not respond to the Defendants' arguments for dismissal with respect to these individuals. Accordingly, the claims against the non-Director, Officer Defendants are dismissed.

### F. Unjust Enrichment Claims

 The Defendants contend that the Plaintiffs' claims of unjust enrichment should be dismissed because they failed to allege, and indeed cannot allege, the absence of a contract between the parties. Under both Georgia and Minnesota law [1] a contract governing the relations between the parties precludes the equitable relief afforded by an unjust enrichment claim. *Bogard v. Inter-State Assur. Co.,* 263 Ga.App. 767, 770, 589 S.E.2d 317 (2003); *United States Fire Ins. Co. v. Minnesota State Zoological Board,* 307 N.W.2d 490, 497 (Minn.1981). The Court cannot determine from the pleadings whether this claim is or is not subject to dismissal. Therefore, the motion should be denied.

### G. Sarbanes–Oxley Act Claims

The Defendants contend that the Plaintiffs' Sarbanes–Oxley Act claims against Defendants Belatti and Wilkins, the Chief Executive Officer and former Chief Financial Officer respectively, must be dismissed. The Defendants assert dismissal is proper because the Act does not apply retroactively to the conduct about which the Plaintiffs complain. *See* 15 U.S.C. § 7243. The Act requires forfeiture of certain bonuses and profits if an accounting restatement is neces-

sitated due to material noncompliance with SEC reporting requirements "as a result of misconduct." *Id.* The plain language of the statute indicates that the purpose of the Act is to punish "misconduct," not the mere decision to restate financial reports. *Id.*

 In this case, the Defendants contend that although the decision to restate AFC's financial reports was made after the effective date of the Sarbanes–Oxley Act, the putative misconduct about which the Plaintiffs complain occurred prior to that date. The Plaintiffs do not dispute this point. Absent a "clear indication from Congress" to the contrary, the presumption is that legislation does not apply retroactively. *Mohammed v. Ashcroft,* 261 F.3d 1244, 1249 (11th Cir.2001); *see also Hughes Aircraft Co. v. United States,* 520 U.S. 939, 946, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997). There is no "clear indication" from Congress that this forfeiture provision of the Sarbanes–Oxley Act was intended to have retroactive application to misconduct which occurred before its effective date. However, the Court will not definitively rule on this issue at this early stage of the litigation without a developed factual record.

## IV. CONCLUSION

For the reasons set forth above, the motion filed by Nominal Defendant AFC [Doc. 18] is DENIED. The motion filed by the individual Defendants [Doc. 19] is GRANTED IN PART AND DENIED IN PART. The motion is granted with respect to the Plaintiffs' fiduciary duty claims against Freeman Spogli, Penman Asset Management, and the non-Director Officer Defendants. The dismissal is without prejudice with leave to amend within 30 days subject, of course, to Rule 11 obligations. The motion is denied with respect to all other claims.

---

1. The parties dispute whether Georgia or Minnesota law applies to this claim; however, as there appears to be no difference in the applicable law, the choice of law issue is moot.